**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| JOSHUA KENDALL PILGRIM, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 71102, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 2:08-CV-048-RWS |
| | : | |
| HALL COUNTY DETENTION | : | |
| CENTER; CORPORAL | : | |
| MAYFIELD, | : | |
| Defendants. | : | |

**ORDER**

Plaintiff Joshua Kendall Pilgrim has submitted the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 and seeks to proceed without prepayment of the $350.00 filing fee, other fees or security therefor, pursuant to 28 U.S.C. § 1915. For the purpose of dismissal only, leave for Plaintiff to proceed in forma pauperis [Doc. 2] is hereby **GRANTED,** and the matter is now before the Court for a 28 U.S.C. § 1915A frivolity screening.

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A

claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or "indisputably meritless." Caroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A claim may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).

Plaintiff complains that on February 5, 2008, Corporal Mayfield at the Hall County Detention Center made improper comments about Plaintiff's sexuality, and that she threatened to tell other inmates that Plaintiff was a homosexual. Plaintiff seeks equitable relief.

The Court first notes that Plaintiff has named the Hall County Detention Center as a Defendant in this action. The Hall County Detention Center, however, is a building, and therefore cannot be a "person" for the purpose of § 1983. As such, the Hall County Detention Center is not a proper Defendant in this case.

Additionally, "[t]he Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991); see also Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987) (holding verbal abuse does not violate Eighth Amendment); accord Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). While verbal harassment of Plaintiff by Corporal Mayfield based upon Plaintiff's sexual orientation may be unprofessional and morally repugnant, it does not rise to the level of a constitutional violation.

3

To the extent that Plaintiff raises a claim for defamation and/or slander, reputation alone does not implicate any liberty or property interests sufficient to invoke the procedural protection of the Due Process Clause, and something more than simple defamation or slander by a state official must be involved to establish a claim under § 1983. Paul v. Davis, 424 U.S. 693, 711, 96 S. Ct. 1155, 1165, 47 L. Ed. 2d 405 (1976); Behrens v. Regier, 422 F.3d 1255, 1259 (11th Cir. 2005). A plaintiff's reputation is protected by the state through its tort law; it does not implicate liberty or property interests under the Constitution. See Paul, 424 U.S. at 711-12; see also Siegert v. Gilley, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under most States, but not a constitutional deprivation."). Therefore, Plaintiff's claim that he has been defamed and/or slandered by Ms. Mayfield also does not state a claim for § 1983 relief.

Based on the foregoing analysis, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and this action is hereby **DISMISSED** as frivolous, pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this  28th  day of March, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4